*Balderas Galvan v. Bondi*

BIA
Ruehle, IJ
A099-757-262

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

M. CASIANA BALDERAS GALVAN,
> *Petitioner*,

v.                                                              **23-6938**
                                                               **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kathryn McKinney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner M. Casiana Balderas Galvan, a native and citizen of Mexico, seeks review of a July 19, 2023 decision of the Board of Immigration Appeals ("BIA") affirming an October 1, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and CAT relief. *In re M. Casiana Balderas Galvan*, No. A099 757 262 (B.I.A. July 19, 2023), *aff'g* No. A099 757 262 (Immig. Ct. Buffalo Oct. 1, 2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review findings of fact for substantial evidence and questions of law and the application of law to fact de

2

novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Balderas Galvan claimed to have experienced past persecution and asserted a fear of future persecution, alleging that drug cartels killed her son in 2008 for refusing extortion demands, killed one of her daughters-in-law months or years later, and kidnapped one of her grandchildren in 2019. She also alleged that she received an anonymous extortion demand via text message after her son's murder. The agency concluded that Balderas Galvan failed to establish past persecution or an objectively reasonable fear of future persecution or torture. We find no error in that conclusion.

An asylum applicant has the burden to establish eligibility for asylum. To do so, she must establish that "a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(a), (b). When an applicant establishes past persecution, there is a rebuttable presumption of a well-founded fear of future persecution on the same basis. 8 C.F.R. § 1208.13(b)(1); *see*

3

*KC v. Garland*, 108 F.4th 130, 134-35 (2d Cir. 2024). But if the applicant does not demonstrate past persecution, she retains the burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(1). Where, as here, an applicant fears private actors, that burden includes "establishing that it would not be reasonable for . . . her to relocate" within her home country. 8 C.F.R. § 1208.13(b)(3)(i).

## A.     Past Persecution

A past-persecution claim can be based on "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). But generally, "threats of persecution, no matter how credible, do not demonstrate past persecution." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014). "Instead, an applicant must show that the threat was imminent or concrete or so menacing as itself to cause actual suffering or harm." *K.C.*, 108 F.4th at 135 (quotation marks omitted).

Moreover, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). Exceptions may apply where an "applicant's family

4

member was harmed as a means of targeting the *applicant* on some protected ground," or "the applicant not only shares (or is perceived to share) the characteristic that motivated persecutors to harm the family member, but was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident." *Id.*

Here, the agency reasonably concluded that the anonymous text message did not constitute persecution. Balderas Galvan received only one such text asking for money, experienced no further demands or threats while in Mexico, and suffered no physical harm. Accordingly, she did not personally suffer harm rising to the level of persecution. *See K.C.*, 108 F.4th at 135; *see Huo Qiang Chen*, 773 F.3d at 406. Nor was she in the zone of risk with respect to the murders and kidnapping, as she did not "witness" any of those events. *Tao Jiang*, 500 F.3d at 142 n.3. Accordingly, she had the burden of establishing a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

## B. Well-Founded Fear

Because Balderas Galvan did not demonstrate past persecution, she is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). It was thus her burden to establish an "objectively reasonable" fear of future

5

persecution. *Ramsameachire*, 357 F.3d at 178; *see also* 8 C.F.R. § 1208.13(b)(1). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). A fear is not objectively reasonable if it lacks "solid support" in the record and is "speculative at best." *Id.* at 129. Because Balderas Galvan did not allege a fear of state actors, meeting her burden required demonstrating "that it would not be reasonable for . . . her to relocate" within Mexico. 8 C.F.R. § 1208.13(b)(3)(i).

Substantial evidence supports the agency's conclusion that Balderas Galvan did not establish a well-founded fear. *See Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) (reviewing relocation determination under substantial evidence standard). Instead of offering a reasoned argument against relocation, Balderas Galvan claims incorrectly that the government bears the burden on the issue. And nothing in the record supports the claim that she could not safely relocate: she was never physically harmed in Mexico, she lived safely for at least four months after the text message, and her other children and family members remain unharmed in Mexico. On that record, the agency did not err in concluding that

6

Balderas Galvan could relocate and had not established an objectively reasonable fear of future harm. *See* 8 C.F.R. § 1208.13(b)(3).

Balderas Galvan's failure to demonstrate a well-founded fear of persecution also dooms her requests for withholding of removal and CAT relief, as those forms of relief require a greater likelihood of harm. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). We thus need not reach the agency's additional grounds for the denial of relief.

*       *       *

We have considered Balderas Galvan's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7